**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JAMES R. ADAMS,

    Petitioner,                             Case Number 2:17-CV-11056
                                              HONORABLE SEAN F. COX
v.                                            UNITED STATES DISTRICT JUDGE

ROBERT NAPEL,

    Respondent,
_____/

## OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE.

James R. Adams, ("Petitioner"), confined at the Marquette Branch Prison in Marquette, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for second-degree murder, M.C.L.A. 750.317. Petitioner has now filed a motion to hold the petition in abeyance to permit him to file a post-conviction motion in the state courts to exhaust several claims that are contained in his petition which have yet to be exhausted with the state courts. For the reasons stated below, the Court will hold the petition in abeyance and will stay the proceedings under the terms outlined in this Opinion to permit Petitioner to return to the state courts to exhaust his claims, failing which the petition shall be dismissed without prejudice. The Court will also administratively close the case.

### I. Background

Petitioner pleaded guilty to the above charge in the Wayne County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Adams,* No. 316794 (Mich.Ct.App. Aug. 13, 2013); *lv. Den.* 495 Mich. 916, 840 N.W. 2d 334 (2013).

Petitioner filed a post-conviction motion for relief from judgment with the trial court, which was denied. *People v. Adams,* No. 12-0008184-FC (Wayne Cty. Cir. Ct., Apr. 4, 2015).

1

The Michigan appellate courts denied petitioner leave to appeal. *People v.Adams,* No. 329530 (Mich.Ct.App. Jan. 15, 2016); *lv. den.* --- Mich. --- 888 N.W.2d 65 (2016).

On March 27, 2017, [1] petitioner filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, asking this Court to grant him habeas relief on eleven grounds. Respondent has not yet filed an answer to the petition.

Petitioner has now filed a motion to hold the petition in abeyance. Petitioner acknowledges in both his petition and in his motion that he has yet to exhaust his fifth through eleventh claims with the state courts.

## II. Discussion

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *See Wagner v. Smith,* 581 F. 3d 410, 415 (6th Cir. 2009). Therefore, each claim must be reviewed by a federal court for exhaustion before any claim may be reviewed on the merits by a district court. *Id.* Federal district courts must dismiss mixed habeas petitions which contain both

---

[1] Under the prison mailbox rule, this Court assumes that petitioner filed his habeas petition on March 27, 2017, the date that it was signed and dated. *See See Towns v. U.S.,* 190 F. 3d 468, 469 (6th Cir. 1999).

exhausted and unexhausted claims. *See Pliler v. Ford,* 542 U.S. 225, 230 (2004)(*citing Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)).

The Court's only concern in dismissing the current petition involves the possibility that Petitioner might be prevented under the one year statute of limitations contained within 28 U.S.C. § 2244(d)(1) from re-filing a petition for writ of habeas corpus following the exhaustion of these issues in the state courts. A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, but a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano,* 300 F. 3d 717, 720-21 (6th Cir. 2002). A federal district court thus has the discretion to stay a mixed habeas petition containing exhausted and unexhausted claims in order to allow the petitioner to present his unexhausted claims to the state courts in the first instance, and then to return to the federal district court for habeas review of his or her completely exhausted petition. *See Rhines v. Weber,* 544 U.S. 269, 272-78 (2005).

The Court is aware that pursuant to M.C.R. 6.502(G)(1), a criminal defendant in Michigan can typically file only one motion for relief from judgment with regard to a criminal conviction. *See Banks v. Jackson,* 149 F. App'x. 414, 418 (6th Cir. 2005); *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999)(citing to *People v. Ambrose*, 459 Mich. 884; 587 N. W. 2d 282 (1998)). However, M.C.R. 6.502(G)(2) states that a defendant may file a second or subsequent motion based on a retroactive change in law that occurred after the first motion for relief from judgment or a claim of new evidence that was not discovered before the first such motion. *Banks,* 149 Fed. Appx. at 418; *Hudson,* 68 F. Supp. 2d at 800-01.

This Court "should exercise caution in finding that" 6.502(G) would bar petitioner from presenting these claims to the Michigan courts. *Banks,* 419 F. App'x. at 418. "Because it is at

3

least debatable whether the Michigan courts would entertain [these claims] on a second or successive motion for state postconviction relief," *Id.,* based on one of the exceptions contained in M.C.R. 6.502(G)(2), a procedural bar to such a second motion is not clearly applicable. Therefore, this Court shall grant Petitioner a stay of proceedings to permit him to attempt to exhaust the claims contained in his second motion for relief from judgment with the state courts. *Id.* at 419-20; *See also Cunningham v. Hudson*, 756 F.3d 477, 485-87 (6th Cir. 2014).

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines,* 544 U.S. at 278. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes upon petitioner time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court by filing a post-conviction motion for relief from judgment with the state trial court within sixty days from the date of this Order. *See Id.* Further, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies. *See Id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F. 3d at 781 (internal quotation omitted).

### III. ORDER

It is **ORDERED** that Petitioner may file a motion for relief from judgment with the state court within **sixty (60) days of receipt of this Court's order.** If Petitioner fails to file a motion for relief from judgment with the state courts by that date**,** the Court will dismiss his petition without prejudice.

If Petitioner files a motion for relief from judgment, he shall notify this Court that such motion papers have been filed in state court. The case will then be held in abeyance pending the petitioner's exhaustion of the claims. Petitioner shall file a motion to lift the stay using the same caption and case number within **sixty (60) days after the conclusion of the state court post-conviction proceedings**. Petitioner is free at that time to file an amended habeas petition containing the arguments that he raised before the state courts with respect to these claims.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock,* 207 F. Supp. 2d 668, 677 (E.D. Mich. 2002).

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

Dated: July 11, 2017
                                              s/ Sean F. Cox
                                              Sean F. Cox
                                              United States District Judge

I hereby certify that on July 11, 2017, the document above was served on counsel of record via electronic means and upon James R. Adams via First Class Mail at the address below:

James R. Adams 823706
MARQUETTE BRANCH PRISON
1960 U.S. HWY 41 SOUTH
MARQUETTE, MI 49855

                                              s/J. McCoy
                                              Case Manager