UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES R. ADAMS,

    Petitioner,                        Case Number 2:17-CV-11056
                                            HONORABLE SEAN F. COX
v.                                        UNITED STATES DISTRICT JUDGE

DANIEL LESATZ,

    Respondent,
_____/

## OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE.

James R. Adams, ("Petitioner"), confined at the Baraga Maximum Correctional Facility in Baraga, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for second-degree murder, M.C.L.A. 750.317. Petitioner has now filed a motion hold the petition in abeyance to permit him to return to the state courts to present additional claims that have not been exhausted with the state courts and that are not included in his current habeas petition. The Court holds the petition in abeyance and stays the proceedings under the terms outlined in this opinion to permit petitioner to return to the state courts to exhaust his additional claims. The Court administratively closes the case.

### I. Background

Petitioner pleaded guilty to the above charge in the Wayne County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Adams,* No. 316794 (Mich.Ct.App. Aug. 13, 2013); *lv. Den.* 495 Mich. 916, 840 N.W. 2d 334 (2013).

Petitioner filed a post-conviction motion for relief from judgment with the trial court, which was denied. *People v. Adams,* No. 12-0008184-FC (Wayne Cty. Cir. Ct., Apr. 4, 2015). The

Michigan appellate courts denied petitioner leave to appeal. *People v. Adams,* No. 329530 (Mich.Ct.App. Jan. 15, 2016); *lv. den.* 500 Mich. 921, 888 N.W.2d 65 (2016).

Petitioner filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was held in abeyance on July 11, 2017 so that petitioner could return to the state courts to exhaust several claims that were included in his petition but which had not been exhausted with the state courts. See ECF # 8.

Petitioner filed a second post-conviction motion for relief from judgment, which was denied. *People v. Adams,* No. 12-0008184-FC (Wayne Cty. Cir. Ct., Dec. 20, 2017). Petitioner did not appeal the denial of the post-conviction motion to the state appellate courts.

On July 16, 2018, this Court granted petitioner's motion to reopen the case and to amend his habeas petition. See ECF # 16.

## II. Discussion

Petitioner filed a motion to hold the habeas petition in abeyance so that he can return to the state courts to raise claims that have not been exhausted with the state courts and which are not included in the current petition.

A federal district court has the authority to stay a fully exhausted federal habeas petition pending the exhaustion of additional claims in the state courts. *See Nowaczyk v. Warden, New Hampshire State Prison,* 299 F.3d 69, 77-79 (1st Cir. 2002)(holding that district courts should "take seriously any request for a stay."); *Anthony v. Cambra*, 236 F.3d 568, 575 (9th Cir. 2000); *See also Bowling v. Haeberline,* 246 F. App'x. 303, 306 (6th Cir. 2007)(a habeas court is entitled to delay a decision in a habeas petition that contains only exhausted claims "when considerations of comity and judicial economy would be served")(quoting *Nowaczyk*, 299 F. 3d at 83); *See also*

*Thomas v. Stoddard,* 89 F. Supp. 3d 937, 943 (E.D. Mich. 2015). Although there is no bright-line rule that a district court can never dismiss a fully-exhausted habeas petition because of the pendency of unexhausted claims in state court, for a federal court to justify departing from the "heavy obligation to exercise jurisdiction," there must be some compelling reason to prefer a dismissal over a stay. *Nowaczyk*, 299 F.3d at 82 (internal quotation omitted); *See also Bowling,* 246 F. App'x. at 306 (district court erred in dismissing petition containing only exhausted claims, as opposed to exercising its jurisdiction over petition, merely because petitioner had independent proceeding pending in state court involving other claims).

The Court grants petitioner's motion to hold the petition in abeyance while he returns to the state courts to exhaust. The outright dismissal of the petition, albeit without prejudice, might preclude the consideration of petitioner's claims in this Court due to the expiration of the one year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2244(d)(1).

Other considerations support holding the petition in abeyance while petitioner returns to the state courts to exhaust his new claims. In particular, "the Court considers the consequences to the habeas petitioner if it were to proceed to adjudicate the petition and find that relief is not warranted before the state courts ruled on unexhausted claims. In that scenario, should the petitioner subsequently seek habeas relief on the claims the state courts rejected, he would have to clear the high hurdle of filing a second habeas petition." *Thomas,* 89 F. Supp. 3d at 942 (citing 28 U.S.C. 2244(b)(2)). Moreover, "[I]f this Court were to proceed in parallel with state post-conviction proceedings, there is a risk of wasting judicial resources if the state court might grant relief on the unexhausted claim." *Id.*

Other factors support the issuance of a stay. This Court is currently unable to determine whether petitioner's new claims have any merit, thus, the Court cannot say that petitioner's claims are "plainly meritless." *Thomas,* 89 F. Supp. 3d at 943. On the other hand, the Court is unable at this time say that petitioner's new claims plainly warrant habeas relief. *Id.* If the state courts deny post-conviction relief, this Court could still benefit from the state courts' ruling on these claims in determining whether to permit petitioner to amend his petition to add these claims. *Id.* Finally, this Court sees no prejudice to respondent in staying this case, whereas petitioner "could be prejudiced by having to simultaneously fight two proceedings in separate courts and, as noted, if this Court were to rule before the state courts, [petitioner] would have the heavy burden of satisfying 28 U.S.C. § 2244(b)(2)'s second-or-successive-petition requirements" should he seek habeas relief on his new claims. *Thomas,* 89 F. Supp. 3d at 943.

The Court recognizes that under M.C.R. 6.502(G)(1), a criminal defendant in Michigan can typically file only one motion for relief from judgment with regard to a criminal conviction. *See Banks v. Jackson,* 149 F. App'x. 414, 418 (6th Cir. 2005); *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999)(citing to *People v. Ambrose*, 459 Mich. 884; 587 N. W. 2d 282 (1998)). However, M.C.R. 6.502(G)(2) states that a defendant may file a second or subsequent motion based on a retroactive change in law that occurred after the first motion for relief from judgment or a claim of new evidence that was not discovered before the first such motion. *Banks,* 149 F. App'x. at 418; *Hudson,* 68 F. Supp. 2d at 800-01.

This Court "should exercise caution in finding that" 6.502(G) would bar petitioner from presenting these claims to the Michigan courts. *Banks,* 419 F. App'x. at 418. "Because it is at least debatable whether the Michigan courts would entertain [these claims] on a second or successive motion for state postconviction relief," *Id.,* based on one of M.C.R. 6.502(G)(2)'s exceptions, it is

not clear that petitioner would be procedurally barred from filing a successive motion, thus, the Court will grant petitioner a stay of proceedings to permit him to attempt to exhaust the claims contained in a successive motion for relief from judgment with the state courts. *Id.* at 419-20; *See also Cunningham v. Hudson*, 756 F.3d 477, 485-87 (6th Cir. 2014).

However, even where a district court determines that a stay is appropriate pending exhaustion, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). To ensure that there are no delays by petitioner in exhausting state court remedies, this Court imposes time limits within which petitioner must proceed with his state court post-conviction proceedings. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002).

The Court holds the petition in abeyance to allow petitioner to initiate post-conviction proceedings in the state courts. This tolling is conditioned upon petitioner initiating his state post-conviction remedies within sixty days of receiving this Court's order and returning to federal court within sixty days of completing the exhaustion of state court post-conviction remedies. *Hargrove v. Brigano,* 300 F.3d 717, 721 (6th Cir. 2002).

### III.  ORDER

**IT IS HEREBY ORDERED** that the proceedings are **STAYED** and the Court will hold the habeas petition in abeyance. Petitioner must file a motion for relief from judgment in state court within sixty days of receipt of this order. He shall notify this Court in writing that such motion papers have been filed in state court. If he fails to file a motion or notify the Court that he has done so, the Court will lift the stay and will reinstate the original petition for writ of habeas corpus to the Court's active docket and will proceed to adjudicate only those claims that were raised in the original and the first amended petitions. After petitioner fully exhausts his new

5

claims, he shall file a second amended petition that includes the new claims within sixty days after the conclusion of his state court post-conviction proceedings, along with a motion to lift the stay. Failure to do so will result in the Court lifting the stay and adjudicating the merits of the claims raised in petitioner's original and first amended habeas petitions.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Thomas,* 89 F. Supp. 3d at 943-944.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court will order the Clerk to reopen this case for statistical purposes.

Dated: September 10, 2018          s/ Sean F. Cox
                                   Sean F. Cox
                                   United States District Judge


I hereby certify that on September 10, 2018, the document above was served on counsel of record via electronic means and upon James R. Adams via First Class Mail at the address below:

James R. Adams
823706
BARAGA MAXIMUM CORRECTIONAL FACILITY
13924 WADAGA ROAD
BARAGA, MI 49908

                                   s/J. McCoy
                                   Case Manager