# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JAMES R. ADAMS,

    Petitioner,                              Case Number 2:17-CV-11056
                                                      HONORABLE SEAN F. COX
v.                                                   UNITED STATES DISTRICT JUDGE

DANIEL LESATZ,

    Respondent,
_____/

**OPINION AND ORDER (1) GRANTING THE MOTION TO AMEND THE HABEAS PETITION (ECF No. 25), AND GRANTING THE MOTION TO HOLD IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 26), AND ADMINISTRATIVELY CLOSING THE CASE.**

James R. Adams, ("Petitioner"), confined at the Baraga Maximum Correctional Facility in Baraga, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for second-degree murder, M.C.L.A. 750.317. Petitioner has filed a motion to amend the habeas petition and a motion to hold the petition in abeyance to permit him to finish exhausting additional claims that petitioner attempted to raise in a successive motion for relief from judgment. For the reasons that follow, the motions are GRANTED. The Court holds the petition in abeyance and stays the proceedings under the terms outlined in this opinion to permit petitioner to attempt to appeal the denial of his successive motion for relief from judgment in the Michigan appellate courts. The Court administratively closes the case.

## I. Background

Petitioner pleaded guilty to the above charge in the Wayne County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Adams,* No. 316794 (Mich.Ct.App. Aug. 13, 2013); *lv. Den.* 495 Mich. 916, 840 N.W. 2d 334 (2013).

1

Petitioner filed a post-conviction motion for relief from judgment with the trial court, which was denied. *People v. Adams,* No. 12-0008184-FC (Wayne Cty. Cir. Ct., Apr. 4, 2015). The Michigan appellate courts denied petitioner leave to appeal. *People v. Adams,* No. 329530 (Mich.Ct.App. Jan. 15, 2016); *lv. den.* 500 Mich. 921, 888 N.W.2d 65 (2016).

Petitioner filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was held in abeyance on July 11, 2017 so that petitioner could return to the state courts to exhaust several claims that were included in his petition but which had not been exhausted with the state courts. See ECF No. 8.

Petitioner filed a second post-conviction motion for relief from judgment, which was denied. *People v. Adams,* No. 12-0008184-FC (Wayne Cty. Cir. Ct., Dec. 20, 2017). Petitioner did not appeal the denial of the post-conviction motion to the state appellate courts.

On July 16, 2018, this Court granted petitioner's motion to reopen the case and to amend his habeas petition. See ECF No. 16.

Petitioner filed a second motion to hold the habeas petition in abeyance so that he could return to the state courts to exhaust additional claims which had not been included in the current petition. On September 10, 2018, this Court granted petitioner's motion to hold the petition in abeyance and administratively closed the case. ECF No. 18.

Petitioner filed a third successive motion for relief from judgment, which was denied by the trial court on June 24, 2019, on the ground that M.C.R. 6.502(G) prohibits the filing of a successive motion for relief from judgment unless the motion is based on newly discovered evidence or a retroactive change in the law. *People v. Adams,* No. 12-0008184-FC (Wayne Cty. Cir. Ct., June 24, 2019). See ECF No. 21, PageID. 272-74.

Petitioner did not appeal the denial of his third successive motion for relief from judgment but moved to reopen his case. On September 3, 2019, this Court granted petitioner's motion to reopen the case and to amend his habeas petition and ordered that the Michigan Attorney General file an answer. See ECF No. 24.

Petitioner has now filed a motion to amend the petition and a motion to hold the petition in abeyance so that he can appeal the denial of his successive motion for relief from judgment to the Michigan appellate courts.

1. **The motion to amend the petition (ECF No. 25) is GRANTED.**

Petitioner's proposed amended habeas petition (ECF No. 25) will be granted because it advances new claims that may have arguable merit and offers additional arguments in support of the claims that petitioner previously raised. *See e.g. Braden v. United States*, 817 F.3d 926, 930 (6th Cir. 2016).

2. **The motion to hold the petition in abeyance (ECF 26) is GRANTED.**

Petitioner asks this Court to hold the petition in abeyance so that he can appeal the denial of his third motion for relief from judgment. Petitioner argues that he did not appeal from the denial of his third motion for relief from judgment because the trial judge indicated in his opinion and order denying the motion that M.C.R. 6.502(G) prohibits appeals from the denial of a successive motion for relief from judgment.

This Court recognized when it previously held the petition in abeyance that although a criminal defendant in Michigan can usually only file one motion for relief from judgment, *See Banks v. Jackson,* 149 F. App'x. 414, 418 (6th Cir. 2005), M.C.R. 6.502(G)(2) indicates that a defendant may file a second or subsequent motion based on a retroactive change in law that occurred after the first motion for relief from judgment or a claim of new evidence that was not

discovered before the first such motion. *Id.* Petitioner claimed before this Court, and argued before the state trial court, that his new claims came within one of the exceptions under M.C.R. 6.502(G)(2) that would permit the filing of a successive motion for relief from judgment. Although M.C.R. 6.502(G)(1) indicates that a defendant cannot appeal the denial or rejection of a successive motion for relief from judgment, this rule does not act as a complete ban on an appeal from the denial of a successive motion for relief from judgment, particularly if the defendant is arguing that the grounds raised in the successive post-conviction motion for relief from judgment being appealed fall within one of the exceptions under 6.502(G)(2) that would permit the filing of a successive motion. *See e.g. Ingram v. Prelesnik*, 730 F. App'x. 304, 311, n. 3 (6th Cir. 2018), *cert. denied,* 139 S. Ct. 2645 (2019).

This Court "should exercise caution in finding that" 6.502(G) would bar petitioner from presenting these claims to the Michigan appellate courts. *Banks,* 419 F. App'x. at 418. "Because it is at least debatable whether the Michigan [appellate] courts would entertain [these claims] on a second or successive motion for state postconviction relief," *Id.,* based on one of M.C.R. 6.502(G)(2)'s exceptions, it is not clear that petitioner would be procedurally barred from appealing the denial of his successive motion, thus, the Court will grant petitioner a stay of proceedings to permit him to attempt to appeal the denial of his successive motion for relief from judgment with the state courts. *Id.* at 419-20.

However, even where a district court determines that a stay is appropriate pending exhaustion, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). To ensure that there are no delays by petitioner in exhausting state court remedies, this Court imposes time limits within which

petitioner must proceed with his state court post-conviction proceedings. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002).

The Court holds the petition in abeyance to allow petitioner to file an appeal from the denial of his successive motion for relief from judgment. This tolling is conditioned upon petitioner filing an appeal with the Michigan Court of Appeals no later than **December 24, 2019** [1] and returning to federal court within sixty days of completing the exhaustion of state court post-conviction remedies. *Hargrove v. Brigano,* 300 F.3d 717, 721 (6th Cir. 2002).

### III.  ORDER

**IT IS HEREBY ORDERED** that:

1. The motion to amend the petition (ECF No. 25) is **GRANTED**.

2. The motion to hold the petition in abeyance (ECF 26) is **GRANTED** under the following terms:

The proceedings are **STAYED** and the Court will hold the habeas petition in abeyance. Petitioner must file his appeal with the Michigan Court of Appeals no later than December 24, 2019.  He shall notify this Court in writing that an application for leave to appeal was filed in the Michigan Court of Appeals.  If he fails to file an appeal or notify the Court that he has done so,

---

[1] A criminal defendant in Michigan has six months from the denial of a motion for relief from judgment by the trial court to file an application for leave to appeal with the Michigan Court of Appeals. M.C.R. 6.509 (A); M.C.R. 7.205(G)(3).  The trial judge denied the motion on June 24, 2019.  Petitioner would have no later than December 24, 2019 to place any appeal to the Michigan Court of Appeals in the prison mail for delivery to the Michigan Court of Appeals, in order for the appeal to be timely filed. Michigan has now adopted the prison mailbox rule, which deems an appeal filed with the Michigan Court of Appeals "on the date of deposit of the claim in the outgoing mail at the correctional institution in which the inmate is housed." M.C.R. 7.205(A)(3).  Michigan has a similar rule with respect to the timeliness of applications for leave to appeal to the Michigan Supreme Court involving incarcerated litigants. See M.C.R. 7.305(C)(5).

the Court will lift the stay and will reinstate the original petition for writ of habeas corpus to the Court's active docket and will proceed to adjudicate only those claims that were raised in the original and the previously filed amended petitions. After petitioner finishes his state post-conviction appeals with the Michigan Court of Appeals and the Michigan Supreme Court, he shall file a motion to lift the stay within sixty days after the conclusion of his state court post-conviction proceedings. Failure to do so will result in the Court lifting the stay and adjudicating the merits of the claims raised in petitioner's original and earlier filed amended habeas petitions.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Thomas v. Stoddard,* 89 F. Supp. 3d 937, 943-944 (E.D. Mich. 2015).

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court will order the Clerk to reopen this case for statistical purposes.

Dated: November 25, 2019                        s/Sean F. Cox
                                                                              Sean F. Cox
                                                                              U. S. District Judge