## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JAMES R. ADAMS,

      Petitioner,                      Case Number 2:17-CV-11056

                                            HONORABLE SEAN F. COX

v.                                    UNITED STATES DISTRICT JUDGE

KRIS TASKILA,

      Respondent,

_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS*

James R. Adams, ("Petitioner"), confined at the Baraga Maximum Correctional Facility in Baraga, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for second-degree murder, M.C.L.A. 750.317. For the reasons that follow, the petition for writ of habeas corpus is DENIED.

### I. Background

Petitioner was originally charged with first-degree premeditated murder, first-degree felony murder, and torture in the death of Erckneco Lee. Following a preliminary examination in the 36th District Court in Detroit, Michigan, petitioner was bound over to the Wayne County Circuit Court on the first-degree premeditated murder charge but the examining magistrate dismissed the felony murder and torture charges because she believed that the evidence was insufficient to support the charges. (ECF No. 38-2, PageID. 595-99).

The prosecutor moved for the felony murder and torture charges to be reinstated, arguing that the examining magistrate abused her discretion in dismissing the charges. The Wayne County

Circuit Court judge granted the motion and reinstated the two charges. (ECF No. 38-4, PageID. 612).

On January 18, 2013, petitioner pleaded guilty to a reduced charge of second-degree murder.  In exchange for the plea, the prosecutor agreed to dismiss the first-degree premeditated murder, first-degree felony murder, and torture charges and also agreed that petitioner would receive a sentence of 25-40 years on the second-degree murder charge.  (ECF No. 38-4, PageID. 611-14, 616, 618-19, 621).  Prior to pleading guilty, petitioner was advised of the rights that he would be giving up by pleading guilty. Petitioner understood that he was waiving his trial rights by pleading guilty. (*Id.,* PageID. 622-23).  Petitioner denied that he had been coerced or threatened into pleading guilty. (*Id.,* PageID. 624).  Petitioner told the court that he had shot the victim with the intent to kill him.  Petitioner also informed the court that after shooting the victim, he assumed that he was dead, so he poured lighter fluid on the victim's body and set him on fire. (*Id.,* PageID. 625-27).

On February 8, 2013, petitioner appeared for sentencing.  Petitioner asked to withdraw his guilty plea.  Petitioner claimed that his attorney failed to provide him with the discovery package and did not properly represent him. (ECF No. 38-5, PageID. 636-37).  Defense counsel informed the judge that petitioner did not mention wishing to withdraw his plea when they reviewed petitioner's pre-sentence report prior to sentencing. (*Id.,* PageID. 639).  After the victim's family members had made statements to the Court, petitioner again stated:

> Like I say, your Honor, I feel my lawyer lead me to this on the last court date and I feel like my life was being signed over for something that I really didn't do, your Honor, and I apologize for his family going through the pain that they going through. I know I didn't do it. You know, I mean,  I come forward to my lawyer and let him know what was going on and how the situation had happened. He told me that I had no way to beat it, no way at all, and after he gave me my full discovery package I feel that I had an opportunity to beat it and, like I say, your Honor, I mean, I'm sorry to his family for the loss. Polk was a close friend for me also, you

know, closer than anybody else can think. Me and Polk was close. He gave me things like she said and I gave him things also. He keep me laughing. I keep him laughing. That's all I got to say, your Honor.

(*Id.,* PageID. 648-49).

The judge rejected petitioner's claims, noting that petitioner had been placed under oath at the time of the guilty plea and stated that he understood the plea agreement and wished to plead guilty.  The judge noted that petitioner said nothing at the plea hearing about his counsel being unprepared.  The judge mentioned that petitioner had stated at the plea hearing that no one had threatened him to induce his plea. (*Id.,* PageID. 649-50).  Petitioner told the judge that his trial counsel had told him to say at the plea hearing that he had shot the victim and then sent him on fire. (*Id.,* PageID. 650, 652).  The judge rejected the request to withdraw the plea:

> All right. The Court's not going to grant your request to set aside your plea. You plead guilty the Friday before the Tuesday trial. You testified under oath at the time of the plea. You haven't lead me to believe that there's anything other than second guessing yourself and I'm going to go forward.

(*Id.,* PageID. 652).

The judge indicated that petitioner had received a "tremendous deal" in the plea and sentencing agreement made with the prosecutor. (*Id.,* PageID. 653).  The judge followed the sentence agreement and sentenced petitioner to 25-40 years in prison. (*Id.,* PageID. 654-55).

Petitioner's conviction was affirmed on appeal. *People v. Adams,* No. 316794 (Mich.Ct.App. Aug. 13, 2013); *lv. den.* 495 Mich. 916, 840 N.W. 2d 334 (2013).

Petitioner filed a post-conviction motion for relief from judgment with the trial court, which was denied. *People v. Adams,* No. 12-0008184-FC (Wayne Cty. Cir. Ct., Apr. 4, 2015).  The Michigan appellate courts denied petitioner leave to appeal. *People v. Adams,* No. 329530 (Mich.Ct.App. Jan. 15, 2016); *lv. den.* 500 Mich. 921, 888 N.W.2d 65 (2016).

3

Petitioner filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was held in abeyance on July 11, 2017 so that petitioner could return to the state courts to exhaust several claims that were included in his petition but which had not been exhausted with the state courts. *See* ECF No. 8.

Petitioner filed a second post-conviction motion for relief from judgment, which was denied. *People v. Adams,* No. 12-0008184-FC (Wayne Cty. Cir. Ct., Dec. 20, 2017).  Petitioner did not appeal the denial of the post-conviction motion to the state appellate courts.

On July 16, 2018, this Court granted petitioner's motion to reopen the case and to amend his habeas petition. *See* ECF No. 16.

Petitioner filed a second motion to hold the habeas petition in abeyance so that he could return to the state courts to exhaust additional claims which had not been included in the current petition.  On September 10, 2018, this Court granted petitioner's motion to hold the petition in abeyance and administratively closed the case. ECF No. 18.

Petitioner filed a third successive motion for relief from judgment, which was denied by the trial court on June 24, 2019, on the ground that M.C.R. 6.502(G) prohibits the filing of a successive motion for relief from judgment unless the motion is based on newly discovered evidence or a retroactive change in the law. *People v. Adams,* No. 12-0008184-FC (Wayne Cty. Cir. Ct., June 24, 2019). *See* ECF No. 21, PageID. 272-74.

Petitioner did not appeal the denial of his third successive motion for relief from judgment but moved to reopen his case.  On September 3, 2019, this Court granted petitioner's motion to reopen the case and to amend his habeas petition and ordered that the Michigan Attorney General file an answer. See ECF No. 24.

Petitioner subsequently filed a motion to amend the petition and a motion to hold the petition in abeyance so that he could appeal the denial of his successive motion for relief from judgment to the Michigan appellate courts. The motion was granted. ECF No. 27.

The Michigan appellate courts denied petitioner's appeal pursuant to M.C.R. 6.502(G). *People v. Adams,* No. 352063 (Mich.Ct.App. Feb. 27, 2020); *lv. den.* 506 Mich. 962, 950 N.W.2d 718 (2020).

This Court subsequently reopened the case and ordered a response from respondent.

In his original and amended habeas petitions, petitioner seeks habeas relief on a number of claims that often overlap. For purposes of judicial clarity, the Court follows respondent's answer and lists the claims as follows:

I. Did the trial court abuse its discretion when it denied the motion to withdraw the guilty plea in this case?

II. Was Petitioner's guilty plea not intelligent and voluntary because the plea bargain was illusory, and must Defendant be given the opportunity to withdraw his plea?

III. Petitioner James Reif Adams should be allowed to withdraw his plea as he was coerced by counsel into entering the plea, rendering his plea involuntary, and depriving him of effective assistance of counsel.

IV. Petitioner demonstrated both good cause and actual prejudice stemming from the irregularities that support his claims for relief in this post-appeal proceeding.

V. The trial court abused its discretion when it granted the prosecutor's motion to reinstate the charges of felony murder and torture where it did not sufficiently determine that the district court judge abused its discretion in refusing to bind over the charges of first degree felony murder and torture and trial counsel was ineffective in failing to pursue an interlocutory appeal. U.S. Const. Ams VI & XIV; Mich Const 1963, Art 1, § 20.

VI. The prosecutor committed prosecutorial misconduct, where the prosecutor proliferated the number of charges against Petitioner by artificially dividing a clearly single major offense into an unreasonable number of related components. U.S. Const. Am. XIV; Mich. Const. 1963, Art. 1, § 17.

VII. The trial court violated the 14th Amendment by denying Petitioner's motion for relief based on new evidence.

VIII. Petitioner was entitled to have his successive motion granted where he met the requirements of Mich. Ct. Rule 6.502(G)(2), that he has discovered new evidence that could not have been discovered before the first Mich. Ct. Rule 6.500 filing, for the court withheld transcripts from both appellate counsel and Petitioner, which when received divulged three claims of a constitutional magnitude. U.S. Const. XIV Am.

IX. Defendant is entitled to resentence where he received an excessive sentence was unlawful.

X. The trial court abused its discretion by not sentencing the Defendant within the sentencing guidelines and did not articulate the substantial and compelling justifying the specific departure on the record required by law.

XI. Defendant received ineffective assistance of counsel where trial counsel did not provide Defendant an information sentencing sheet with the presentence information and did not object to the excessive sentence.

XII. Defendant 6th Const right to effective assistance of counsel on his direct appeal was violated when appellate counsel failed to raise issues which were meritorious significant and obvious.

## II.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act

of 1996 (AEDPA), imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court

arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if

the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 562 U.S. at 103.

## III. Discussion

### A.  The plea withdrawal claims.

Petitioner in his various petitions argues that he should have been permitted to withdraw his guilty plea because he was coerced into pleading guilty by his lawyer. Petitioner also claims that his lawyer was ineffective in advising him to plead guilty. Petitioner also claims that the plea was illusory. Lastly, petitioner argues that he should have been permitted to withdraw his plea because he is innocent. [1]

---

[1] Respondent argues that several claims are procedurally defaulted for various reasons. "[F]ederal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F. 3d 212, 215 (6th Cir. 2003)(citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)). In light of the fact that the merits of the defaulted claims are intertwined with the merits of the claims that are not defaulted, coupled with the fact

Petitioner has no federal constitutional right to withdraw his guilty plea. *See Hynes v. Birkett,* 526 F. App'x. 515, 521 (6th Cir. 2013).  Unless a petitioner's guilty plea otherwise violated a clearly-established constitutional right, whether to allow the withdrawal of a habeas petitioner's guilty plea is discretionary with the state trial court. *See Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 748(E.D. Mich. 2005).  Moreover, "[i]t is well-settled that post-sentencing 'buyer's remorse' is not a valid basis" to set aside an otherwise valid guilty plea. *Meek v. Bergh*, 526 F. App'x. 530, 536 (6th Cir. 2013)(internal quotations omitted).

A guilty plea that is entered in state court must be voluntarily and intelligently made. *See Shanks,* 387 F. Supp. 2d at 749; *Doyle v. Scutt,* 347 F. Supp. 2d 474, 482 (E.D. Mich. 2004)(both citing *Boykin v. Alabama,* 395 U.S. 238, 242 (1969)).  In order for a plea of guilty to be voluntarily and intelligently made, the defendant must be aware of the "relevant circumstances and likely consequences" of his plea. *Hart v. Marion Correctional Institution*, 927 F. 2d 256, 257 (6th Cir. 1991).  The defendant must also be aware of the maximum sentence that can be imposed for the crime for which he or she is pleading guilty. *King v. Dutton*, 17 F. 3d 151, 154 (6th Cir. 1994). When a petitioner brings a federal habeas petition challenging his plea of guilty, the state generally satisfies its burden by producing a transcript of the state court proceedings showing that the plea was made voluntarily. *Garcia v. Johnson*, 991 F. 2d 324, 326 (6th Cir. 1993).  The factual findings of a state court that the guilty plea was properly made are generally accorded a presumption of correctness.  Petitioner must overcome a heavy burden if the federal court is to overturn these findings by the state court. *Id.*

---

that many of the claims are barred by the related doctrine of waiver, the Court declines to invoke the procedural default rule.

It is only when the consensual character of a guilty plea is called into question that the validity of a guilty plea may be impaired. *Mabry v. Johnson*, 467 U.S. 504, 508-09 (1984).  A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his or her own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (i.e., bribes). *Id.*

The evidence establishes that petitioner freely and voluntarily pleaded guilty to the charges. Petitioner was advised of the maximum penalties for the charge and the rights that he would be waiving by pleading guilty.  Petitioner was advised of the terms of the plea and sentencing agreement and acknowledged that this was the complete terms of the agreement.  In response to the trial court's questions, petitioner denied that any threats or coercion had been used to get him to plead guilty.

Petitioner claims that his lawyer coerced him into pleading guilty by informing petitioner that his family members had been threatened.  Petitioner also claims that his lawyer coerced him into pleading guilty by coaching him what to say to establish the factual basis for the plea.

Petitioner's claim that he was coerced into pleading guilty is defeated by the fact that petitioner stated on the record at the plea hearing that no threats or coercion had been made to get him to plead guilty and that he was pleading freely and voluntarily.  Petitioner's bare claim that he was coerced into pleading guilty is insufficient to overcome the presumption of verity which attaches to petitioner's statements during the plea colloquy, in which he denied that any threats had been used to get him to enter his plea. *See Shanks v. Wolfenbarger,* 387 F. Supp. 2d at 750-51.  Moreover, the Sixth Circuit has noted that "[w]here a defendant is aware of the condition or

reason for a plea withdrawal, at the time the guilty plea is entered, a case for withdrawal is weaker." *United States v. Spencer,* 836 F. 2d 236, 239 (6th Cir. 1987).  Because petitioner knew about this alleged coercion at the time that he entered his plea, his unexplained delay in bringing this alleged coercion to the attention of the trial court until sentencing undermines the credibility of his claim that he was coerced into pleading guilty. *See United States v. Ford,* 15 F. App'x. 303, 309 (6th Cir. 2001).  Finally, petitioner has presented no extrinsic evidence, either to the state courts, or to this Court, to substantiate his claim that his plea was made as the result of threats or duress from defense counsel, so as to justify vacating his plea. *See Spencer,* 836 F. 2d at 240-41.

Petitioner further claims that the plea bargain was illusory because there was no evidence to support the first-degree felony murder and torture charges, which had been dismissed at the preliminary examination but later reinstated by the circuit court judge.

A plea agreement is entered into involuntarily and unknowingly if the defendant is unaware that the prosecution's promise is illusory. *See United States v. Randolph*, 230 F.3d 243, 250-51 (6th Cir. 2000).  Illusory representations made by the prosecutor to induce a defendant to waive his right to trial and enter a guilty plea have been found to constitute coercion justifying the withdrawal of a guilty plea. *See Spearman v. United States*, 860 F. Supp. 1234, 1249 (E.D. Mich. 1994).

In the present case, even if there was insufficient evidence to support the felony murder and torture charges, petitioner still received real and tangible benefits from the plea and sentencing agreement.  Petitioner was also charged with first-degree premeditated murder.  Petitioner was allowed to plead guilty to a reduced charge of second-degree murder.  Under Michigan law, a conviction for first-degree murder requires a non-parolable life sentence, whereas a conviction of second-degree murder carries a sentence of any term of years up to life and is parolable. *See*

*Perkins v. LeCureux*, 58 F.3d 214, 216 (6th Cir. 1995).  The prosecutor in addition agreed that petitioner would be sentenced to 25-40 years in prison on the second-degree murder conviction, which carried a maximum sentence of life in prison.

This Court concludes that the plea agreement was not illusory because petitioner was promised the dismissal of a first-degree premeditated murder charge, which carried a mandatory nonparolable life sentence, in exchange for a plea of guilty to second-degree murder with a sentence agreement of 25-40 years in prison.  This amounted to a real, tangible benefit in consideration for the plea and thus defeats petitioner's claim that the plea was illusory. *See Daniels v. Overton*, 845 F. Supp. 1170, 1174 (E.D. Mich. 1994).  Because petitioner derived a real benefit from his plea bargain in this case, his plea was not illusory and he is therefore not entitled to habeas relief. *See McAdoo v. Elo,* 365 F. 3d 487, 498 (6th Cir. 2004).

Petitioner further claims that he should have been permitted to withdraw his plea because he is innocent of the charges.

A solemn declaration of guilt by the defendant carries a presumption of truthfulness. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *Henderson v. Morgan*, 426 U.S. 637, 648 (1976).  Bald assertions of innocence are insufficient to permit a defendant to withdraw his or her guilty plea. *United States v. Jones*, 336 F. 3d 245, 252 (3rd Cir. 2003).  "Assertions of innocence must be buttressed by facts in the record that support a claimed defense." *Id.* (internal quotation omitted).  The mere assertion of innocence, absent a substantial supporting record, is insufficient to overturn a guilty plea, even on direct appeal. *See Everard v. United States*, 102 F. 3d 763, 766 (6th Cir. 1996).  Petitioner's mere recantation of his guilty plea, without any support, would therefore be insufficient to have his plea overturned. *Id.* A defendant's belated claim of innocence without more

11

is insufficient to justify withdrawal of a guilty plea. *See United States v. Gregory*, 41 F. App'x. 785, 792 (6th Cir. 2002).

Petitioner has presented no credible evidence to this Court that he is actually innocent of the crime. A federal habeas court reviewing a belated claim of innocence which contradicts a prior, valid guilty plea must draw all permissible inferences in favor of the prosecution and against the petitioner. *See Ferrer v. Superintendent*, 628 F. Supp. 2d 294, 308 (N.D.N.Y. 2008)*; See also Garrison v. Elo,* 156 F. Supp. 2d 815, 829 (E.D. Mich. 2001)(petitioner's "admissions of factual guilt are entitled to great weight"). Petitioner clearly made out a factual basis for the charge at the plea hearing. Petitioner is not entitled to withdraw his guilty plea on his claim of innocence, in light of the fact that petitioner stated under oath at his guilty plea hearing that he was guilty of killing the victim. *See U.S. v. Young,* 310 F. App'x. 784, 793 (6th Cir. 2009).

Petitioner further claims that counsel was ineffective for advising him to plead guilty.

To show that he or she was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id*. In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689. Second, the defendant must show that such performance prejudiced his defense. *Id*. To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

*Strickland,* 466 U.S. at 694. The Supreme Court's holding in *Strickland* places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. *See Wong v. Belmontes*, 558 U.S. 15, 27 (2009).

In order to satisfy the prejudice requirement for an ineffective assistance of counsel claim in the context of a guilty plea, the defendant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty, but would have insisted on going to trial. *Premo v. Moore,* 562 U.S. 115, 129 (2011)(citing *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985)). An assessment of whether a defendant would have gone to trial but for counsel's errors "will depend largely on whether the affirmative defense likely would have succeeded at trial." *Hill,* 474 U.S. at 59. The Sixth Circuit has interpreted *Hill* to require a federal habeas court to always analyze the substance of the habeas petitioner's underlying claim or defense to determine whether but for counsel's error, petitioner would likely have gone to trial instead of pleading guilty. *See Maples v. Stegall,* 340 F.3d 433, 440 (6th Cir. 2003). The petitioner must therefore show a reasonable probability that but for counsel's errors, he or she would not have pleaded guilty, because there would have been a reasonable chance that he would have been acquitted had he or she insisted on going to trial. *See Garrison v. Elo,* 156 F. Supp. 2d at 829. The test of whether a defendant would have not pleaded guilty if he or she had received different advice from counsel "is objective, not subjective; and thus, 'to obtain relief on this type of claim, a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances.'" *Pilla v. U.S.*, 668 F.3d 368, 373 (6th Cir. 2012)(quoting *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010)).

13

Finally, "[W]hen a state prisoner asks a federal court to set aside a sentence due to ineffective assistance of counsel during plea bargaining," a federal court is required to "use a "'doubly deferential'" standard of review that gives both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 571 U.S. 12, 15 (2013).

Petitioner is not entitled to habeas relief on his ineffective assistance of counsel claim, because he failed to show a reasonable probability that he could have prevailed had he insisted on going to trial, or that he would have received a lesser sentence than he did by pleading guilty. *See Shanks v. Wolfenbarger*, 387 F. Supp. 2d at 750.  As mentioned above, petitioner was charged with first-degree premeditated murder and first-degree felony murder, both of which carry a mandatory nonparolable life sentence.  Petitioner's counsel was able to negotiate a plea bargain, where the prosecutor reduced the first-degree murder charges to second-degree murder.  The prosecutor also agreed that petitioner would be sentenced to twenty five to forty years in prison on the second-degree murder charge.

Petitioner does not identify any viable defense he had.  Petitioner is not entitled to habeas relief on his ineffective assistance of counsel claim, because any suggestion that he has a defense to these charges is "unpersuasive and lack merit." *Holtgrieve v. Curtis*, 174 F. Supp. 2d 572, 587 (E.D. Mich. 2001).  Moreover, the favorable plea bargain that petitioner received weighs against a finding that counsel was ineffective for advising a guilty plea. *See Plumaj v. Booker*, 629 F. App'x. 662, 667 (6th Cir. 2015)(citing *Pilla*, 668 F.3d at 373; *Haddad v. United States*, 486 F. App'x. 517, 522 (6th Cir. 2012)).  Indeed, "the Supreme Court has never held that the benefits of a plea agreement alone cannot suffice to answer the prejudice inquiry, namely whether 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Id.* (quoting *Hill v. Lockhart*, 474 U.S. at 59).

Petitioner appears to argue in several places that he was constructively denied the assistance of counsel and thus prejudice should be presumed.

Petitioner, however, further claims that he was constructively denied the assistance of counsel because his attorney was completely unprepared and essentially did nothing to defend petitioner.

The U.S. Supreme Court has clearly established that the complete denial of counsel during a critical stage of a judicial proceeding mandates a presumption of prejudice. *United States v. Cronic*, 466 U.S. 648, 659 (1984).  The existence of certain structural defects in a trial, such as the deprivation of the right to counsel, requires automatic reversal of the conviction because it infects the entire trial process. *Brecht v. Abrahamson*, 507 U.S. 619, 629-30 (1993).  The U.S. Supreme Court has routinely found constitutional error without any specific showing of prejudice to a defendant when counsel is either totally absent, or prevented from assisting the accused during a critical stage of the proceedings. *Cronic*, 466 U.S. at 659, n.25; *United States v. Minsky*, 963 F.2d 870, 874 (6th Cir. 1992).

"The Supreme Court identified three situations where a defendant is entitled to this presumption: (1) the 'complete denial of counsel,' including situations where counsel was absent at a 'critical stage' of the proceedings; (2) situations where defense counsel 'entirely fails to subject the prosecution's case to meaningful adversarial testing;' and (3) situations where 'the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate.'" *Fuller v. Sherry*, 405 F. App'x. 980, 985 (6th Cir. 2010)(citing *Cronic,* 466 U.S. at 659-60).

15

Counsel was physically and mentally present at petitioner's plea and sentencing hearings, forcefully advocating on petitioner's behalf.   Trial counsel negotiated a favorable plea and sentencing agreement on petitioner's behalf.

The Supreme Court has described *Cronic* as creating only a "narrow exception" to the general rule in *Strickland* that "a defendant who asserts ineffective assistance of counsel must demonstrate not only that his attorney's performance was deficient, but also that the deficiency prejudiced the defense," *Florida v. Nixon*, 543 U.S. 175, 190 (2004).   The Supreme Court admonished federal courts to be hesitant before concluding that a state court's failure to apply *Cronic* was contrary to clearly established law. *See Woods v. Donald*, 575 U.S. 312, 317 (2015)(holding that none of the cases cited in *Cronic* as examples of a complete or constructive denial of counsel "dealt with circumstances like those present here"—namely, counsel's ten-minute absence during testimony that he had indicated to the court was irrelevant to his client—and therefore the Sixth Circuit erred in affirming *Cronic*-based habeas relief); *Wright v. Van Patten*, 522 U.S. 120, 125 (2008)(holding that no Supreme Court precedent "clearly establishes that *Cronic* should replace *Strickland* in this novel factual context"—an attorney's participation in a plea hearing via speaker phone).    There is no Supreme Court case that clearly establishes that the *Cronic* standard should apply to the context of plea negotiations and a plea hearing.   The Seventh Circuit has noted the Supreme Court's "general reluctance to apply *Cronic* to claims of ineffective assistance arising from a plea hearing[,]." *Morgan v. Calderone*, 355 F. App'x. 53, 56 (7th Cir. 2009).   Petitioner failed to show he was constructively denied the assistance of counsel in light of the fact that counsel negotiated petitioner's plea agreement and attended his plea hearing. *Id.*   The state courts' rejection of petitioner's constructive denial claim allegations "are reasonable in light of the Supreme Court's recent case law narrowing the scope of *Cronic*." *Id.*

16

Finally, this Court notes that the petitioner received an advantageous plea bargain, in which the prosecutor agreed to dismiss the original first-degree premeditated and felony murder charges, which carry a mandatory nonparolable life sentence and a torture charge.  The reduction of the first-degree murder charges to second-degree murder was particularly beneficial to petitioner. Petitioner was able to plead guilty to a reduced charge of second-degree murder with a sentence agreement of twenty four to forty years.  "The nature of relief secured by a successful collateral challenge to a guilty plea—an opportunity to withdraw the plea and proceed to trial—imposes its own significant limiting principle: Those who collaterally attack their guilty pleas lose the benefit of the bargain obtained as a result of the plea.  Thus, a different calculus informs whether it is wise to challenge a guilty plea in a habeas proceeding because, ultimately, the challenge may result in a *less favorable* outcome for the defendant, whereas a collateral challenge to a conviction obtained after a jury trial has no similar downside potential." *Padilla v. Kentucky*, 559 U.S. at 372–73 (emphasis original).  Were this Court to grant the petitioner habeas relief and ordered that his plea be vacated, the petitioner would be facing the possibility of life in prison without the possibility of parole.  The Court rejects petitioner's plea withdrawal and related ineffective assistance of counsel claims.

**B.  Petitioner's pre-plea claims are waived by petitioner's plea.**

Petitioner has also brought a number of claims involving pre-plea errors.  Petitioner contends that the trial judge erred in reinstating the first-degree felony murder and torture charges because there was insufficient evidence to sustain the charges. Petitioner also argues that the prosecutor committed misconduct by charging him with two counts of first-degree murder for one victim under two separate theories of felony murder and premeditated murder. Petitioner also

argues that trial counsel was ineffective for failing to object or to seek an interlocutory appeal after the judge reinstated the felony murder and torture charges.

An unconditional guilty plea constitutes a waiver of all pre-plea non-jurisdictional constitutional deprivations. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Petitioner's claim that the trial judge erred in reinstating the first-degree felony murder and torture charges is foreclosed by his guilty plea. *See Cook v. Wolfenbarger*, No. 2:10-CV-12747, 2012 WL 3113183, at * 6 (E.D. Mich. July 31, 2012). To the extent that petitioner argues that there was insufficient evidence to convict him of the second-degree murder charge, by entering a guilty plea, petitioner has waived his right to challenge the sufficiency of the evidence to convict him of this charge. *See United States v. Manni*, 810 F.2d 80, 84 (6th Cir. 1987); *See also U.S. v. Hawkins*, 8 F. App'x. 332, 334 (6th Cir. 2001).

As a related claim, petitioner argues that the prosecutor engaged in misconduct by seeking the reinstatement of the first-degree felony murder and torture charges.

A plea of guilty waives a defendant's right to claim pre-plea claims of prosecutorial misconduct. *See U.S. v. Ayantayo*, 20 F. App'x. 486, 487-88 (6th Cir. 2001). Petitioner's claim that the prosecutor acted vindictively in bringing multiple charges of first-degree murder or in seeking the reinstatement of the felony murder and torture charges is waived by his plea of guilty. *See Bailey v. United States,* 949 F. Supp. 495, 498 (E.D. Mich. 1996).

Petitioner further argues that trial counsel was ineffective for failing to object or file an interlocutory appeal after the felony murder and torture charges were reinstated. Pre-plea claims of ineffective assistance of trial counsel are considered non-jurisdictional defects that are waived by a guilty or no-contest plea. *See Hawkins v. Rivard,* No. 16-1406, 2016 WL 6775952, at * 5 (6th Cir. Nov. 10, 2016); *United States v. Stiger,* 20 F. App'x. 307, 309 (6th Cir. 2001); *Siebert v.*

18

*Jackson,* 205 F. Supp. 2d 727, 733-34 (E.D. Mich. 2002).   Petitioner's pre-plea ineffective assistance of counsel claims are waived by his plea.

**C.  The sentencing claims are waived.**

Petitioner next raises a number of challenges to his sentence.

The parties agreed that petitioner would receive a sentence of twenty five to forty years in prison on the second-degree murder charge.  Petitioner was sentenced in accordance with the plea agreement.  By pleading guilty, petitioner agreed to the sentence and cannot now challenge it in federal court. *See Hawkins v. Rivard*, 2016 WL 6775952, at * 4. A defendant who consents to a specific sentence in a plea agreement and receives the exact sentence that he bargained for waives the right to challenge the sentence on appeal or collateral review. *See United States v. Livingston,* 1 F. 3d 723, 725 (8th Cir. 1993); *Gill v. Berghuis,* No. 2008 WL 1995096, * 2 (E.D. Mich. May 6, 2008); *Lozada-Rivera v. United States,* 195 F. Supp. 2d 365, 368 (D. Puerto Rico 2002).

Petitioner's related claim that trial counsel was ineffective for failing to object to the sentence is defeated by the fact that the trial court sentenced petitioner to the sentence that he agreed upon as part of the plea and sentence bargain. *See Whitaker v. U.S.,* 186 F. App'x. 571, 573-74 (6th Cir. 2006).

**D.  The ineffective assistance of appellate counsel claim is without merit.**

Petitioner alleges that appellate counsel was ineffective for failing to raise most of the claims raised by petitioner in his petitions.

The Sixth Amendment guarantees a defendant the right to the effective assistance of appellate counsel both on appeals of right, *See Evitts v. Lucey*, 469 U.S. 387, 396-397 (1985), and on first-tier discretionary appeals. *Halbert v. Michigan*, 545 U.S. 605, 609–10 (2005). Nonetheless, court appointed counsel does not have a constitutional duty to raise every non-

frivolous issue requested by a defendant. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). A habeas court reviewing an ineffective assistance of appellate counsel claim must defer twice: first to appellate counsel's decision not to raise an issue and secondly, to the state court's determination that appellate counsel was not ineffective. *Woods v. Etherton*, 578 U.S. 113, 119 (2016)(per curiam).

Petitioner's claims related to the voluntariness of the plea and counsel's alleged ineffectiveness are meritless. "[A]ppellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.'" *Shaneberger v. Jones*, 615 F. 3d 448, 452 (6th Cir. 2010)(quoting *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)). Petitioner's pre-plea claims were waived by his guilty plea. An appellate counsel is not ineffective for failing to raise a claim on direct appeal that would be considered to have been waived by the defendant's guilty or no-contest plea. *See e.g. Thompson v. United States,* 42 F. App'x. 766, 768 (6th Cir. 2002). Finally, appellate counsel was not ineffective in failing to challenge petitioner's sentence, in light of the fact that petitioner received the sentence that he agreed to as part of the plea bargain. *See e.g. Ahart v. Bradshaw*, 122 F. App'x. 188, 193–94 (6th Cir. 2005)(counsel not ineffective for failing to file timely notice of appeal where the petitioner had pleaded guilty and received the bargained for sentence). Petitioner is not entitled to relief on his ineffective assistance of appellate counsel claims.

### E. Petitioner's challenges involving the failure of the state court to grant post-conviction relief are non-cognizable.

Petitioner raises several challenges to how his post-conviction motions were handled by the state trial or appellate courts. Petitioner argues that the judge violated his Fourteenth Amendment rights by failing to grant petitioner's motion for a new trial based on newly discovered evidence. Petitioner also claims that the state courts erred in invoking M.C.R. 6.502(G) to deny

his successive post-conviction motions, arguing that the claims he raised in his successive motions came within the exceptions under M.C.R. 6.502(G) which permit the filing of a successive motion.

This Court notes that "[t]he Sixth Circuit consistently held that errors in post-conviction proceedings are outside the scope of federal habeas corpus review." *Cress v. Palmer,* 484 F. 3d 844, 853 (6th Cir. 2007). Thus, a federal habeas corpus petition cannot be used to mount a challenge to a state's scheme of post-conviction relief. *See Greer v. Mitchell,* 264 F. 3d 663, 681 (6th Cir. 2001). The rationale behind this rule is that the states have no constitutional obligation to provide post-conviction remedies. *Id.* (citing to *Pennsylvania v. Finley,* 481 U.S. 551, 557 (1987)). "A due process claim related to collateral post-conviction proceedings, even if resolved in a petitioner's favor, would not 'result [in] ... release or a reduction in ... time to be served or in any other way affect his detention because we would not be reviewing any matter directly pertaining to his detention.'" *Cress,* 484 F. 3d at 853 (quoting *Kirby v. Dutton*, 794 F. 2d 245, 247 (6th Cir. 1986)). Thus, the "'scope of the writ'" does not encompass a "'second tier of complaints about deficiencies in state post-conviction proceedings.'" *Cress*, 484 F. 3d at 853 (quoting *Kirby*, 794 F. 2d at 248). "[T]he writ is not the proper means to challenge collateral matters as opposed to the underlying state conviction giving rise to the prisoner's incarceration." *Id.* (internal quotations omitted). Petitioner is not entitled to relief on these claims.

## IV. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the

issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484.  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court will deny petitioner a certificate of appealability because he failed to make a substantial showing of the denial of a federal constitutional right. *See also Millender v. Adams,* 187 F. Supp. 2d 852, 880 (E.D. Mich. 2002).  The Court further concludes that petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed.R.App. P. 24(a).

## V.  ORDER

Based upon the foregoing, **IT IS ORDERED** that:

(1) The petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

(2) A certificate of appealability is **DENIED.**

(3) Petitioner will be **DENIED** leave to appeal *in forma pauperis*.


Dated:  February 1, 2022                                   s/Sean F. Cox
                                                           Sean F. Cox
                                                           U. S. District Judge