UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES R. ADAMS,

    Petitioner,

v.

KRIS TASKILA,

    Respondent,
_____/

Case Number 2:17-CV-11056
HONORABLE SEAN F. COX
CHIEF UNITED STATES DISTRICT JUDGE

**OPINION AND ORDER CONSTRUING THE MOTION FOR AN EXTENSION OF TIME TO FILE A NOTICE OF APPEAL AS A TIMELY FILED NOTICE OF APPEAL AND DIRECTING THE CLERK OF THE COURT TO TRANSFER THE MOTION (ECF No. 45) TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT, AND DENYING AS MOOT THE MOTION FOR AN EXTENSION OF TIME TO FILE A NOTICE OF APPEAL (ECF No. 45).**

On February 1, 2022, this Court denied the petition for writ of habeas corpus and declined to issue a certificate of appealability or grant leave to appeal *in forma pauperis. Adams v. Taskila,* No. 2:17-CV-11056, 2022 WL 303240 (E.D. Mich. Feb. 1, 2022).

Petitioner filed a motion for an extension of time to file a Notice of Appeal, in which he asks for an extension of time to file a Notice of Appeal from this Court's decision to deny the writ. The motion is signed and dated February 28, 2022.[1]

Fed. R. App. P. 4 (a)(1) states that a notice of appeal must be filed within thirty days of the entry of the judgment or order from which the appeal is taken. This time limit is mandatory and jurisdictional. *Browder v. Director, Department of Corrections of Illinois*, 434 U.S. 257, 264 (1978). The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. *Rhoden v. Campbell*, 153 F.3d 773, 774 (6th Cir. 1998).

---

[1] Under the "prison mailbox" rule, this Court considers petitioner's motion to be filed on February 28, 2022, the date it was signed and dated by petitioner. See *U.S. ex rel Morgan v. Page,* 39 F. Supp. 2d 1103, 1105 (N.D. Ill. 1999).

A motion for an extension of time that is filed within the time period for filing a notice of appeal can be construed to be a notice of appeal where it specifies the party taking the appeal and the judgment being appealed. See *United States v. Gulley*, 29 F. App'x. 228, 230 (6th Cir. 2002); *See also United States v. Hoye*, 548 F.2d 1271, 1273 (6th Cir. 1977)("where a document is filed within the [deadline] which represents a clear assertion of an intent to appeal, courts of appeals have the power to overlook irregularities where fairness and justice so require."). The Court believes that petitioner's motion for an extension of time to file a notice of appeal should be construed as a timely filed notice of appeal, because it evinces an intent by petitioner to file an appeal and contains the essential information needed to process the appeal.

Petitioner filed his motion to extend time to appeal on February 28, 2022, which was within 30 days of the Court's judgment. In light of the fact that petitioner's notice of appeal was timely filed, his motion for an extension of time to file an appeal is moot. *See Steele v. Supreme Court of U.S.,* 255 F. App'x. 534 (C.A.D.C. 2007). The Court will order the Clerk of the Court to transfer the motion for an extension of time to appeal (ECF No. 45) to the United States Court of Appeals for the Sixth Circuit.

**IT IS HEREBY ORDERED that:**

(1) The motion for an extension of time (ECF No. 45) is construed to be a timely filed notice of appeal. The Clerk of the Court shall transfer the motion to the United States Court of Appeals for the Sixth Circuit. The motion for an extension of time is denied as moot.

Dated: March 24, 2022

s/Sean F. Cox  
Sean F. Cox  
U. S. District Judge